COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


DAVID KEATOR

MEMORANDUM OPINION[**]
v.    Record No. 1883-00-4              PER CURIAM
                                        JANUARY 30, 2001
LUTHERAN SOCIAL SERVICES OF THE
 NATIONAL CAPITAL AREA, INC.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jane Marum Roush, Judge

            (Mark Bodner, on briefs), for appellant.

            (Stanton Phillips, on brief), for appellee.


     David Keator appeals a decision of the trial court approving

a permanent entrustment agreement and terminating his residual

parental rights.  On appeal, Keator contends:  (1) the summons and

notice of hearing failed to clearly state the consequences of

termination of his residual parental rights as required by Code

§ 16.1-277.01; (2) Lutheran Social Services failed to file a

foster care plan with the juvenile and domestic relations district

court for hearing and review as required by Code § 16.1-277.01(A);

(3) Code § 16.1-277.01(B) violates his right to due process of law

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

under the Fourteenth Amendment to the United States Constitution by permitting the trial court to terminate his residual parental rights without requiring more specific findings than "the best interests of the child"; and (4) the trial court erred in terminating his residual parental rights on the basis of an entrustment agreement given by the child's mother and in the absence of clear and convincing evidence that he failed to object to a notice required by Code § 63.1-204(C). Upon review of the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The order from which Keator appeals was entered on July 6, 2000. Keator's counsel endorsed the order "Seen and Objected To." Neither the order nor the transcript filed in this matter indicate that Keator asserted in the trial court the arguments which form the bases of his appeal of the trial court's ruling.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

-

As appellant, Keator has the burden of providing a record which substantiates his claims of error.  See <u>Jenkins v. Winchester Dep't of Soc. Servs.</u>, 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).  In the absence of such a record "we will not consider the point."  <u>Id.</u>  Therefore, we hold that Rule 5A:18 bars our consideration of Keator's challenges to the trial court's approval of the permanent entrustment agreement and its termination of his residual parental rights.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the trial court is summarily affirmed.

<u>Affirmed.</u>